■ In the Matter of PAUL L. WEINSTEIN, Respondent, v JOHN E. ZUCCOTTI et al., Appellants.—Judgment, Supreme Court, New York County, entered October 18, 1976, directing certification of appointment of petitioner to the position of counsel to the Sheriff of the City of New York and relief incidental thereto, is reversed, on the law, and the petition is dismissed, without costs and without disbursements. In our view, the failure of the Deputy Mayor and the Vacancy Control Board to approve the filling of the vacancy in the position of counsel to the Sheriff was not arbitrary or capricious or contrary to law. The Mayor had power under subdivision c of section 123 of the city charter not to fill the vacancy. In the light of the city's fiscal condition and the fact that the Sheriff had gotten along without a counsel for some years and has attorneys on his staff, we think that the Mayor's action is immune from judicial interference. Concur—Silverman, Lane and Lynch, JJ.; Kupferman, J. P., and Markewich, J., dissent in the following memorandum by Markewich, J. We would affirm the judgment at Special Term directing the taking of all steps necessary to effect immediate certification of petitioner's appointment to the position of counsel to the Sheriff. By stating that "the Mayor had power * * * not to fill the vacancy," the majority memorandum oversimplifies the effect of subdivision C of section 123 of the city charter. The section reads: "The mayor may issue directives imposing limitations on the transfer or expenditure of funds appropriated in the budget, which except as otherwise provided by law shall be binding on all agencies." The Mayor has done precisely what he was authorized to do: issued a directive. Executive Order No. 24, establishing by its section 7 the respondent-appellant Vacancy Control Board, also contains section 6, which reads, in pertinent part: "Where inability to fill a position under this Order would critically impair an agency's ability to fulfill its mission; * * * agencies may for each such case request of the Vacancy Control Board that a certificate of the Mayor be issued to permit filling of such a position". The Sheriff did exactly what the Mayor's directive prescribed in his letter of December 30, 1975 to the Mayor. Obviously, the Mayor, a responsible public official, meant to create an exception to the general rule laid down in Executive Order No. 24. It implies that some responsible action should be taken in response to the request for a certificate to "be issued to permit filling of such a position." The flat denial of relief without explanation or reason is not such responsible action and is therefore arbitrary and capricious. No question having been raised as to petitioner's qualification for the position, which in fact he has been filling for some time without its salary and title, and the requisite request having been made, there seems to be no basis for refusal by respondent-appellant board to do its clear duty. Thus section 123 is authority supporting the

position taken by petitioner-respondent rather than the opposite position. In arriving at the conclusion for reversal based on the reading of section 123 set forth in the majority's memorandum, the separate defenses asserted by respondents-appellants were understandably not reached. Since we are for full affirmance, we believe it appropriate to touch upon them. Contrary to the position of respondents-appellants, petitioner-respondent, as the one most affected by the refusal of the Sheriff's request for his appointment, does not lack standing to maintain the proceeding. As to timeliness, it must be observed that the unusual—almost bizarre—manner of handling the Sheriff's request makes it difficult to determine the date of finality of refusal, but we conclude that the proceeding was timely initiated.